USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

FINANCE ONE, INC.,

               Plaintiff,

   -v-

BONG SUK CHANG, JIN WON CHANG, HANG
SUK CHOI, SHIN SUNG INTERNATIONAL,
INC., BYUNG IK LEE and HONG EUN LEE,

               Defendants.

------------------------------------------------------------x

09 Civ. 4289 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

     Plaintiff Finance One, Inc. sues a number of defendants alleging, inter alia, a conspiracy to fraudulently obtain money from it. Defendants Byung Ik Lee and Hong Eun Lee (collectively, the "Lee Defendants") move to dismiss the sole counts alleged against them for failure to state a claim. The motion will be denied.

     On a motion to dismiss a complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., the facts alleged in the complaint must be taken as true. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). The complaint will survive the motion if it contains "enough facts to state a claim to relief that is plausible on its face." Twombly v. Bell Atlantic Corp., 550 U.S. 544, 547 (2007). Claims of fraud, however, must be stated with greater specificity, pursuant to Rule 9(b), Fed. R. Civ. P. Acito v. IMCERA Group, Inc., 47 F.3d 47, 51-52 (2d Cir. 1995). The facts alleged here meet those standards.

     The Lee Defendants contend that the complaint does not adequately state a claim for fraud and conspiracy against them because the complaint does not allege that they personally made any false representations to plaintiff. However, the complaint squarely alleges that their co-defendants made specific false representations to plaintiff on behalf of a company named New Elim International, Inc., of which Byung is alleged to have been a director (compl. ¶ 15), and alleges specific emails tending to show that these representations were intended to defraud plaintiff (id. ¶ 54). The Lee Defendants are sued as co-conspirators and, in effect, aiders and abettors of that fraud. While conclusory allegations of conspiracy present exactly the kind of generalized claim that the Twombly standard is meant to police, in this case the factual allegations are sufficiently specific and detailed to make it at least "plausible" that the conspiracy alleged in the complaint existed. Plaintiff asserts that the Lee Defendants had knowledge of the representations and warranties made by New Elim (compl. ¶ 50), that Byung "formed entities to act as purported New Elim vendors [and] falsified purchase orders for these entities" in order to obtain funds from plaintiff as part of the fraud (id. ¶ 54(m)), and that Hong received $500,000 in proceeds from the fraud (id. ¶ 54(b)). These allegations are sufficient to make the allegations of conspiracy plausible, and thus to state a claim that Byung and Hong participated in the fraud.

   Nor are the fraud and conspiracy claims duplicative of a claim for breach of contract against New Elim or against any of the other defendants. Plaintiff did not have a contract with the Lee Defendants; its claims against them sound solely in tort, and is based on the assertion that the Lee Defendants personally participated in a conspiracy to defraud plaintiff.

   Given that the complaint states a claim for fraud that will require discovery, it is unnecessary to address whether the complaint also states claims on the additional causes of action against the Lee Defendants for unlawful appropriation, unjust enrichment and negligent misrepresentation, which arise from exactly the same facts and simply re-state the same claim on (somewhat dubious) additional legal theories. Since the case will go forward against the defendants in any event, and the existence of these claims will not affect the scope or content of discovery, it will be more efficient to consider these claims on a fuller factual record at summary judgment.

   Finally, the Lee Defendants argue that the claims should be dismissed for failure to join New Elim, purportedly a "required party" under Rule 19, Fed. R. Civ. P, but which cannot be joined because it is presently in Bankruptcy proceedings. Contrary to the Lee Defendants' contention, however, it is not the case that complete relief among the existing parties cannot be afforded in New Elim's absence: a full adjudication of the claims against the individual defendants in tort is possible without the presence of the defunct corporate party. Accordingly, New Elim is not a "required party," and its absence does not warrant dismissal. See MaterCard Int'l Inc. v. Visa Int'l Service Ass'n, Inc., 471 F.3d 377, 389 (2d Cir. 2006). Moreover, even if New Elim were a required party under Rule 19(a), Rule 19(b)'s considerations of "equity and good conscience" would counsel against dismissal since a "just resolution of the action [is] []possible" without its presence. Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co., 312 F.3d 82, 87 (2d Cir. 2002).

   Accordingly, the Lee Defendant's motion (Doc. # 15) to dismiss is denied.

SO ORDERED:

Dated: New York, New York
   August 17, 2009

                     _____
                     GERARD E. LYNCH
                     United States District Judge